# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WELLS FARGO BANK, N.A.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-593** |
| **BEVERLY JONES, ET AL.** | **SECTION D (3)** |

## ORDER

Before the Court are Cross-Motions for Summary Judgment from Plaintiff Specialized Loan Servicing, LLC,[1] and from Defendant Fidelity National Title Insurance Company.[2] Defendants Kemba Jones-Ferbos and Antoine Ferbos have filed Responses to both Motions,[3] and Fidelity National Title Insurance Company has filed an Opposition to Specialized Loan Servicing's Motion.[4] After careful consideration of the Motions, the parties' briefs, and the applicable law, the Court GRANTS IN PART Specialized Loan Servicing's Motion, GRANTS Defendant Fidelity National Title Insurance Company's Motion, and enters declaratory judgment in favor of the Plaintiff.

### I.     FACTUAL BACKGROUND

This case arises from a dispute over a mortgage. On May 31, 2006, Beverly Jones donated an undivided one-half interest in her immovable property located at 2012 Churchill Street in Slidell, Louisiana to Kemba Jones-Ferbos and Antoine

---

[1] R. Doc. 94.
[2] R. Doc. 92.
[3] R. Doc. 97; R. Doc. 98.
[4] R. Doc. 100.

Ferbos (herein, "the Donation").[5] The next day, Jones executed a mortgage, including a promissory note, with Wells Fargo Bank, N.A. secured by the same property at Churchill Street (herein, "the Mortgage").[6] Neither the Donation nor the Mortgage were recorded on the day that they were executed. Rather, both were recorded on June 13, 2006. The Mortgage was record as Instrument #1558259, whereas the Donation was recorded as Instrument #1558261.[7]

Upon learning of the Donation, Wells Fargo filed suit in the 22nd Judicial District Court against Beverly Jones, Kemba Jones-Ferbos, and Antoine Ferbos, seeking a declaration that the Mortgage applied to the whole property, including the one-half purportedly owned by Jones-Ferbos and Ferbos, and sought to add Jones-Ferbos and Ferbos to the Mortgage.[8] Wells Fargo later amended its Complaint to include Mahony Title & Land Service, LLC, Eileen Sykes, and Fidelity National Title Insurance Company.[9] Mahony, Sykes, and Fidelity represented Wells Fargo during the closing of its loan to Jones, and the Plaintiff contends that should it not succeed in its claim for declaratory judgment, it is owed damages by these three defendants.[10] Wells Fargo later transferred its interest in the mortgage to Specialized Loan Servicing, LLC ("SLS"), who has been substituted for Wells Fargo as Plaintiff in this matter.[11]

---

[5] R. Doc. 92-4.
[6] R. Doc. 92-5; R. Doc. 92-6.
[7] R. Doc. 92-4 at 1, R. Doc. 92-6 at 1.
[8] R. Doc. 1-1.
[9] R. Doc. 1-4.
[10] *See id.*
[11] *See* R. Doc. 71 (Motion to Substitute Party); R. Doc. 72 (Order granting Motion to Substitute Party).

Both SLS and Fidelity now move for summary judgment.[12] SLS argues that because the Mortgage has a lower record number in the St. Tammany Parish records, the Mortgage applies to the entire property notwithstanding the Donation, which was recorded later. In the alternative, SLS argues that it is owed damages by Fidelity. Fidelity *agrees* with SLS that the Mortgage covers the entire property because it was recorded before the Donation. Fidelity disagrees, however, that it owes a remedy if the Court does not enter a declaratory judgment. Jones-Ferbos and Ferbos also filed Responses to both Motions for Summary Judgment, in which they too agree that the Mortgage extends to the entire property at issue.[13]

## II.   LEGAL STANDARD

Summary judgment is proper if the movant shows there is no genuine dispute as to any material fact and that it is entitled to judgment as a matter of law.[14] If the movant shows the absence of a disputed material fact, the non-movant "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."[15] The Court views facts and draws reasonable inferences in the non-movant's favor.[16] The Court neither assesses credibility nor weighs evidence at the summary judgment stage.[17]

---

[12] R. Doc. 92 (Fidelity); R. Doc. 94 (SLS).
[13] R. Doc. 97; R. Doc. 98.
[14] FED. R. CIV. P. 56(a).
[15] *McCarty v. Hillstone Restaurant Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017).
[16] *Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018).
[17] *Gray v. Powers*, 673 F.3d 352, 354 (5th Cir. 2012) (internal citation omitted).

### III. ANALYSIS

Here, the parties all agree that there are no disputed facts and they are also largely agree on the application of the law to those facts. Specifically, it is black-letter law in Louisiana that "an instrument involving immovable property shall have effect against third persons only from the time it is filed for registry in the parish where the property is located."[18] Louisiana law also states that "transfer of ownership . . . is not effective against third persons until the contract is filed for registry in the conveyance records of the parish in which the immovable property is located."[19]

It is undisputed that although Jones made the Donation *before* signing the Mortgage with Wells Fargo, the Donation was not recorded until *after* the Mortgage was executed and recorded.[20] And because "no right of any nature in immovable property can have any effect against third parties unless it is registered in the conveyance records or recorded in the mortgage records for the parish in which the property is located"[21] the Donation was not effective as to Wells Fargo at the time the Mortgage was entered into and recorded, and therefore the Mortgage extends to the entirety of the property. The Court will therefore issue a declaratory judgment finding that the entire property is subject to SLS's mortgage.

---

[18] La. Civ. Code. art. 1839. *See also* La. Civ. Code art. 3338 ("The rights and obligations established or created by the following written instruments are without effect as to a third person unless the instrument is registered by recording it in the appropriate mortgage or conveyance records pursuant to the provisions of this Title: (1) An instrument that transfers an immovable or establishes a real right in or over an immovable.").
[19] La. Civ. Code art. 517.
[20] Even were this fact disputed, the Mortgage has a lower record number (1558259) in the public record than the Donation (1558261), which gives rise to an unrebutted presumption that the Mortgage was recorded first. *See Motor Finance Co v. Univ. Motors*, 168 So. 721, 722 (La. App. 1 Cir. 1936).
[21] *Camel v. Waller*, 526 So. 2d 1086, 1090 (La. 1988).

SLS maintains its claims for damages only to the extent that the Court does not grant declaratory judgment.[22] Because the Court finds declaratory judgment is called for in this matter, it does not reach SLS's request for damages from Fidelity.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant Fidelity National Title Insurance Company's Motion for Summary Judgment is **GRANTED**, and Plaintiff Specialized Loan Servicing, LLC's Motion for Summary Judgment is **GRANTED IN PART**. The Court shall enter a judgment declaring the Mortgage extends to the entire property and is not subject to the Donation.

New Orleans, Louisiana, September 10, 2020.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[22] *See* R. Doc. 94-3 at 3-4 (Memorandum in Support of SLS's Motion for Summary Judgment stating that SLS reserves its rights to claim damages should the Court not grant declaratory judgment).