UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WELLS FARGO BANK, N.A.**      **CIVIL ACTION**

**VERSUS**      **NO. 19-593**

**BEVERLY JONES, ET AL**      **SECTION "D" (3)**

**REPORT AND RECOMMENDATION**

Before the Court is the *Ex Parte* Motion for Curator Fees Re: Kembra Jones-Ferbos and Antoine C. Ferbos (Rec. Doc. No. 113) filed by Joseph B. Harvin ("Harvin"). Plaintiff, Specialized Loan Servicing, LLC ("SLS"), has filed an opposition (Rec. Doc. No. 120), and Harvin has filed a reply (Rec. Doc. No. 127). The District Court referred this matter to the undersigned magistrate judge for review and report and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing order(s) of the Court. For reasons that follow, it is recommended that the movant be awarded $7,110.00 minus $457.70 previously paid or $6,652.30 in unpaid fees taxed as costs against SLS.

**I.     BACKGROUND**

On May 29, 2018, plaintiff, Wells Fargo Bank, N.A. ("Wells Fargo"), filed a Petition for Declaratory Judgment, Rule to Show Cause, and *Ex Parte* Motion for Leave ("Petition") against Kembra Jones-Ferbos, and Antoine Ferbos ("the Ferboses") in the 22nd Judicial District for the Parish of St. Tammany in the matter entitled *Wells Fargo Bank N.A. v. Beverly Jones et al* bearing docket No. 2016-12540, Division "E." (Rec. Doc. No. 1-1 at p. 1). On December 14, 2018, the state court ordered the appointment of Harvin to represent the interests of absent defendant Kembra Jones-Ferbos pursuant to Louisiana Civil Code of Procedure Article 5091(A). *See* La. Code Civ.

P. art 5091. (Rec. Doc. No. 1-7 at p. 1) The matter was removed to this court on January 25, 2019. (Rec. Doc. No. 1).

Harvin located the Ferboses on or about October 16, 2019 and subsequently met with them to discuss the status of the case on October 22, 2019. Defendant, Fidelity National Title Insurance Company ("Fidelity"), and SLS moved for summary judgment on February 20, 2020 and February 21, 2020, respectively. (Rec. Doc. Nos. 92 and 94). After numerous meetings with the Ferboses, counsel and the Court, Harvin prepared and filed responsive pleadings to the Petition and the motions for summary judgment (Rec. Doc. Nos. 97 and 98). On February 20, 2020, the District Court granted the motion for summary judgment filed by Fidelity, and granted, in part, the motion for summary judgment filed by SLS. (Rec. Doc. No. 111). Harvin now requests compensation for his services for representing Kembra Jones-Ferbos, who he located and represented to conclusion in this matter, jointly with defendant, Antoine C. Ferbos, whom this Court appointed him to represent so long as no conflict of interest arose. (Rec. Doc. No. 51 and 113).

Mr. Harvin asks to be compensated for a total of 33.1[1] hours of billable time at a rate of $225 per hour or $7,447.50 minus the funds pre-paid by complainant of $457.70 for a total of $6,989.80, which shall be taxed as costs of court and remitted directly to Joseph B. Harvin, Esq.

In its opposition, SLS objects to time spent on certain actions of the curator that were denied by the Court and contends that time incurred to address the denials should not be compensated. SLS also objects to those entries that do not specify the amount of time devoted to correcting certain deficiencies. (Rec. Doc. No. 120).

---

[1] The Court notes that the original motion asserts that Mr. Harvin should be compensated for 32.90 hours of billable time. (Rec. Doc. No. 113 at p. 13). However, after review and additional calculation, the Court determined the actual sum of the hours billed was 33.1 hours.

In Harvin's reply, he provides additional background information regarding the case, clarifies his educational and professional history, and addresses several objections raised by SLS, conceding to a 1.5-hour reduction in his total hours billed. (Rec. Doc. No. 127).

## II. LAW AND ANALYSIS

### A. Whether Harvin is Entitled to Attorney's Fees

The court notes that the attorney appointed to represent the absentee claimants has filed a motion for curator fees.[2] The recovery of fees in the instant action is regulated by the law of the forum state. *Aerosonic Corp. v. Trodyne Corp.,* 402 F.2d 223, 228 (5th Cir. 1968) (In an ordinary diversity case, awards of attorney's fees are governed by applicable state law.) (*citing Alyeska Pipeline Service v. Wilderness Society,* 421 U.S. 240, 259 n. 31, 95 S.Ct. 1612, 1622 n. 31, 44 L.Ed.2d 141 (1975)). Article 5091(A)(1)(a) of the Louisiana Code of Civil Procedure states that, "[t]he court shall appoint an attorney at law to represent the defendant ... when it has jurisdiction over the person or property of the defendant, or over the status involved, and the defendant is a nonresident or absentee who has not been served with process, either personally or through an agent for the service of process, and who has not waived objection to jurisdiction." La. Code Civ. Proc. art. 5091. Further, Louisiana Code of Civil Procedure article 5096 provides:

> The court shall allow the attorney at law appointed to represent a defendant a reasonable fee for his services, which shall be paid by the plaintiff, but shall be taxed as costs of court. The attorney so appointed may require the plaintiff to furnish security for the costs which may be paid by, and the reasonable fee to be allowed, the attorney. If the attorney so appointed is retained as counsel for the defendant, the attorney shall immediately advise the court and opposing counsel of such employment.

---

[2] Although the Louisiana "Code of Civil Procedure no longer uses the term 'curator' in articles relating to the appointment of an attorney at law to represent an absentee defendant," that term is used by the parties in their memoranda and in this opinion for ease of reference. *Ware v. Daybrook Fisheries, Inc.,* No. CV 14-2229, 2015 WL 7296654, at *2 (E.D. La. Nov. 18, 2015); *Carter v. First S. Farm Credit,* 161 So. 3d 928, 930 n.3 (La. App. 2d Cir.), *writ denied*, No. 2015-1166 (La. Sept. 18, 2015).

La. Code Civ. Proc. art. 5096.

Moreover, Louisiana Code of Civil Procedure article 5096 explicitly states that any fee for the attorney appointed to represent a defendant shall be paid by the plaintiff but taxed as costs of the court. *St. Tammany Par. v. Omni Pinnacle, L.L.C.,* No. CIV.A. 11-1472, 2012 WL 2576411, at *5 (E.D. La. July 3, 2012); *see also Life Ins. Co. of N. Am. v. Nava*, 667 F. Supp. 279, 281 (M.D. La. 1987) (Normally, the curator is entitled to a reasonable fee for his service "which shall be paid by the plaintiff but shall be taxed as costs of court."). The Louisiana Code of Civil Procedure also provides that the plaintiff who moved for appointment of a curator ad hoc shall pay the appointed attorney's reasonable fees, but the fees shall be taxed as costs of court. La. Code Civ. Proc. art. 5096. *Ware v. Daybrook Fisheries, Inc.,* No. CV 14-2229, 2015 WL 7296654, at *3 (E.D. La. Nov. 18, 2015).

### B. Lodestar Analysis

The United States Supreme Court and the Fifth Circuit have oft-repeated that a request for attorney's fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Associated Builders & Contractors*, 919 F.2d at 379; *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated*

4

*Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorney's fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir. 1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir. 1992).

There exists a strong presumption of the reasonableness of the lodestar amount. *Saizan v. Delta Concrete Products Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006). After calculating the lodestar, the court may decrease or enhance the amount based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). If the determination of the lodestar already took a *Johnson* factor into account, then the lodestar may not be adjusted due to that same *Johnson* factor; to do so would be impermissible double counting. *Migis v. Pearle Vision*, 135 F.3d 1041, 1047 (5th Cir. 1998) (citing *Von Clark v. Butler*, 916 F.2d 255, 258 (5th Cir. 1990)).

### i.   **Reasonable Hourly Rates**

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he burden is on the fee applicant to

produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill." *Blum*, 465 U.S. at 895 n.11. "An attorney's requested hourly rate is prima facie reasonable when she requests that the lodestar be computed at her 'customary billing rate,' the rate is within the range of prevailing market rates and the rate is not contested." *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995).

Here, Harvin seeks $225.00 per hour. In support of the request, Harvin provides that he has been admitted to practice since 1981 and has practiced law in the United States Eastern District of Louisiana since 1985. (Rec. Doc. No. 123-2 at p.1). Harvin has also held licenses in Virginia and South Carolina. He has been appointed as an attorney in numerous cases, particularly in Louisiana state district courts as a court appointed curator to locate and accept service of process for absent defendants, alleged interdicts, children and others. (Rec. Doc. No. 123-2 at p. 2). SLS acknowledges, and the undersigned agrees, that $225.00/hour for Harvin is a reasonable hourly rate. *McGee v. Tregre*, Civ. A. No. 18-3341, 2019 WL 3308324, at *4 (E.D. La. Feb. 11, 2019) (approving $375.00/hour for attorney with 41 years of experience); *Batiste v. Lewis*, Civ. A. No. 17-4435, 2019 WL 1591951, at *3 (E.D. La. Apr. 12, 2019) (finding $375.00 per hour to be reasonable for a partner with 35 years of experience); *Moody v. Assoc. Wholesale Grocers, Inc.*, Civ. A. No. 17-10290, 2019 WL 66833850, at *3 (E.D. La. Dec. 6, 2019) (approving $315.00/hour for attorney with over 30 years of experience); *Hamdan v. Tigers Bros. Food Mart, Inc.*, Civ. A. No. 15-412, 2018 WL 3029991, at **12-13 (M.D. La. May 22, 2018) (reducing hourly rate for attorney with over 30 years of experience in intellectual property litigation from $420.00/hour to $375.00/hour); *Parkcrest Builders, L.L.C. v. Hous. Auth. of New Orleans*, Civ. A. No. 15-1533,

2017 WL 4682297, at *2 (E.D. La. Oct. 18, 2017) (Roby, M.J.) (finding $225 to be a reasonable hourly rate for a managing partner with 35 years of construction law experience).

### ii. Reasonable Hours Expended

The party seeking the fee bears the burden of documenting and supporting the reasonableness of all time expenditures for which compensation is sought. *Hensley*, 461 U.S. at 437. The "[c]ounsel for the prevailing party should make a good faith effort to exclude from fee request hours that are excessive, redundant, and otherwise unnecessary . . . ." *Id.* at 434. Hours that are not properly billed to one's client also are not properly billed to one's adversary. *Id.* The Supreme Court calls on fee applicants to make request that demonstrate "billing judgement" *Id.* The remedy for failing to exercise "billing judgment" is to exclude hours that were not reasonably expended. *See Hensley*, 461 U.S. at 434; *Walker v. City of Mesquite*, 313 F.3d 246, 251 (5th Cir. 2002) (quoting *Walker v. HUD*, 99 F.3d 761, 770 (5th Cir. 1996)) ("If there is no evidence of billing judgment, however, then the proper remedy is not a denial of fees, but a reduction of 'the hours awarded by a percentage intended to substitute for the exercise of billing judgment.'"). Alternatively, this Court can conduct a line-by-line analysis of the time report. *See Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir. 2002), *overruled on other grounds by Burlington N. & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006); *Cameron v. Greater New Orleans Fed. Credit Union*, Civ. A. No. 16-8514, 2017 WL 1426970, at *2 (E.D. La. Apr. 21, 2017).

Mr. Harvin asks to be compensated for a total of 33.1 hours of billable time at a rate of $225 per hour or $7,447.50 minus the funds pre-paid by complainant of $457.70 for a total of $6,989.80, which shall be taxed as costs of court and remitted directly to Joseph B. Harvin, Esq. SLS advances numerous arguments against the reasonableness of the hours put forth by Harvin.

In its opposition, SLS objects to time spent on certain actions of the curator denied by the Court and contends that time incurred to address the denials should not be compensated. SLS also objects to those entries that do not specify the amount of time devoted to correcting certain deficiencies. In his reply, Harvin concedes some, but not all, arguments asserted by SLS. For instance, Harvin withdrew 1.5 hours of duplicative time for the correction of certain deficiencies. (Rec. Doc. No. 123). The undersigned agrees with the withdrawals by Harvin, and, as such, the requested amount will be reduced by 1.5 hours.

### iii. The *Johnson* Factors

As indicated above, after the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974). To the extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.,* 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has carefully considered the *Johnson* factors and concluded that they do not warrant an upward or downward adjustment. The Court's review of the attached billing sheets reveals that the time entries for the motion for contempt are not duplicative, cumulative, excessive, or redundant. Having considered each of the lodestar factors in this matter, the Court finds that an adjustment is not warranted.

### III. CONCLUSION

For the foregoing reasons,

**IT IS RECOMMENDED** that the *ExParte* Motion for Curator Fees Re: Kembra Jones-Ferbos and Antoine C. Ferbos (Rec. Doc. No. 113) be GRANTED IN PART to the extent that plaintiffs be awarded $6,652.30 in unpaid fees taxed as costs against SLS.

### NOTICE OF RIGHT TO OBJECT

Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this 24th day of February, 2021.

_____
**DANA M. DOUGLAS**
**UNITED STATES MAGISTRATE JUDGE**